## ANDRIK v STATE OF FLORIDA

### Case No. 88-13111

Thirteenth Judicial Circuit, Hillsborough County

January 17, 1991

### APPEARANCES OF COUNSEL

**Dan Kirkwood,** Assistant Public Defender, for appellant.

Office of the State Attorney, for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

Appellant, Patricia Andrik, was charged with Driving Under the Influence. The trial ended in a mistrial. The trial court then entered an

amended order granting the Defendant's Motion to Suppress Statements made by the Defendant to the other driver involved in the accident and Defendant's Motion in Limine Excluding Evidence of the Defendant's refusal to take physical sobriety tests. The trial court then granted the State's Motion to Stay Proceedings and Extend Speedy Trial. Ninety days was written on the motion by someone but the reviewing court is unable to determine by whom. The order in the instant case is not an order appealable by the state under Rule 9.140(c) Rules of Appellate Procedure. However, this court accepts certiorari jurisdiction under Rule 9.030(c)(2) Rules of Appellate Procedure.

There are two issues presented to the reviewing court.

1. Did the trial court err in suppressing the Defendant's statements to another driver?

The trial court specifically suppressed the statements based on the accident report privilege. Florida Statute 316.1930 protects statements made by a driver involved in an accident to a police officer or another driver during the accident investigation. In the instant case, the statements made by the Defendant were unsolicited, not pursuant to questioning and not during the accident investigation. In fact, the police officer had not even arrived on the scene. The statements should not have been suppressed.

2. Did the trial court err in granting a Motion In Limine suppressing the Defendant's refusal to perform physical sobriety tests?

The trial court relied on *Herring v State,* 501 So.2d 19 (Fla. 3d DCA 1987) in suppressing evidence of the refusal because the Defendant was not informed the refusal to take physical sobriety tests could be used against him. In *Herring* the 3rd District Court of Appeal held that the failure to inform the Defendant that he was required by law to take a hand swab test for gunshot residue and that the refusal to take the test could be used as evidence against him, rendered testimony at trial of the Defendant's refusal to take the test inadmissible. Physical sobriety tests are compulsory. Failure to inform Defendant in the instant case of the consequence of the refusal to take physical sobriety tests renders evidence of the refusal inadmissible. If a defendant is not informed of the consequences of refusing, he may simply decide not to volunteer to do the tests, to take the "safe harbor". Conversely, if the Defendant knows his refusal carries with it adverse circumstances, the refusal is probative of his consciousness of guilt. The reviewing court

can find no error in the trial court's order granting a Motion in Limine as to evidence as of the Defendant's refusal to take physical sobriety tests.

That portion of the order granting the Motion in Limine as to evidence of the refusal is affirmed. That portion of the Motion suppressing statements made by the Defendant to the other driver involved in the accident, under the accident report privilege, is quashed. The case is remanded for further proceedings in accordance with this opinion.

DONE and ORDERED in Hillsborough County, Florida, this 17th day of January, 1991.